IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBI MURACO**, | Case No. 3:14-cv-0154-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On February 3, 2015, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. ECF 15. On March 25, 2015, the Court awarded to Plaintiff attorney's fees in the amount of $4,959.57 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 20.

Plaintiff's counsel now moves for attorney's fees of $17,492 pursuant to 42 U.S.C. § 406(b). ECF 21. This figure represents approximately 25 percent of Plaintiff's retroactive benefits, which totaled $70,275.30. Plaintiff's counsel requests an additional payment from Plaintiff of $12,492.43, which represents the requested $17,492 less the EAJA fees of $4,959.57 already received. Although Defendant does not object to the proposed award, this court must

PAGE 1 –ORDER

perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar

PAGE 2 –ORDER

calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 19. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded, which is within the statutory maximum and is approximately the amount Plaintiff's counsel seeks in this motion.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no downward adjustment is warranted. Plaintiff's counsel achieved good results for Plaintiff (a remand for further proceedings), the representation of Plaintiff was professional, there was no significant delay attributable to Plaintiff's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Plaintiff's counsel.

The Court notes, however, that Plaintiff's counsel submits that he spent 31.2 hours on this case. ECF 21-3. This includes five hours spent preparing the 406(b) fee petition. The Court does not find five hours to be a reasonable amount of time to prepare a five page petition that mostly contains boiler-plate text, with customized dollar amounts and dates. The Court believes that one hour is more than sufficient time to prepare this petition. Accordingly, the Court considers as reasonable that Plaintiff's counsel spent approximately 27.2 hours on the case. The effective hourly rate for the requested fee is, therefore, approximately $643.08. This rate is below other effective hourly rates that have been approved in this district and the Court does not find it to be a windfall. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013)

PAGE 3 –ORDER

(approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84).

## CONCLUSION

Plaintiff's counsel's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 21) is GRANTED. Plaintiff's counsel is entitled to $17,472 in § 406(b) fees, representing approximately 25 percent of Plaintiff's retroactive benefits recovery. When issuing the § 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the $4,979.57 previously awarded under EAJA and send Plaintiff's attorney the balance of $12,492.43, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED.**

DATED this 17th day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge